Edward T. Weber, Esq., #194963
**LAW OFFICES OF EDWARD T. WEBER**
17151 Newhope Street, Suite 203
Fountain Valley, California 92708
Telephone: 657-235-8359
Facsimile: 714-459-7853
ed@eweberlegal.com

*Attorneys for Plaintiff*
EDWARD T. WEBER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

| | |
|---|---|
| In re:<br><br>EDWARD T. WEBER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSURED PAYMENT SOLUTIONS; BRIAN STARKS; TAMIKA GARCIA; RACHEL COLLINS; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Edward T. Weber ("Plaintiff"), individually and on behalf of others similarly situated, by and through undersigned counsel, alleges the following against Defendants ASSURED PAYMENT SOLUTIONS ("APS"), BRIAN STARKS ("BS"), TAMIKA GARCIA ("TG") and RACHEL COLLINS ("RC"), (collectively, "Defendants")

## NATURE OF ACTION

1.   This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and other relevant state laws of California.

## PARTIES

2. Plaintiff is a natural person who at all relevant times employed in Fountain Valley, California, County of Orange.

3. Plaintiff was allegedly obligated to pay a debt originally owed or due, or asserted to be owed or due, a creditor other than the Defendants.

4. Plaintiff's alleged obligation, originally owed or due, or asserted to be owed or due, was, upon information and belief, acquired from the original creditor by Defendants and other predecessors after alleged default, and arises from a transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").  Although Plaintiff denies the existence of the debt, the acts that occurred herein arise from the attempt to collect the alleged debt.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. APS is a company with principal offices situated at in or about Lithonia, Georgia, and which uses a "mail drop" private mailbox service located at 7245 Rockbridge Road, Suite 300, Lithonia, Georgia 30058-8614.

7. BS, TG, and RC are individuals employed by APS, or owners of APS, and who engages in the collection of debts and who committed the acts complained of herein, knew of the acts complained of herein, and condoned the acts complained of herein, and that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendants, and each of them, use instrumentalities of interstate commerce including but not limited to, telephone, internet and the mails in a business the principal purpose of which is the collection of any debts, and/ or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another, or which were obtained after default.

9. Defendants, and each of them, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

10. Defendants, and each of them, are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 (b), where some of the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Plaintiff is employed. Further there is diversity of citizenship between the parties – Plaintiff is employed in California, Defendants are located Georgia. The claims for relief alleged herein involve at least one or more federal questions or issues of law. The amount in controversy is greater than $75,000.00.

## FACTUAL ALLEGATIONS

13. On or about July 31, 2020, at or near 1:39 p.m. in connection with the collection of the alleged Debt, Defendant APS made an outbound automatic "robo" call to Plaintiff on his mobile phone. The call was marked "scam likely" and went to voice mail. The voice mail was automated and the message received was to the effect as follows: It was a female from the "Process Division", that she had "two pending charges against Plaintiff" and if the call is not returned, "they" (whoever they are) would actively be pursuing Plaintiff at home and at places of employment, and that papers were going to be served. Further, failure to call back would forfeit all rights to resolve the matter out of court. The return phone number left on the voice mail was 470-729-3131. The call was placed from 470-729-1661. Both numbers belong to APS. Attached hereto as Exhibit "A" is a true and correct copy of a call log from Plaintiff's phone showing the incoming call.

///

///

14. The July 31, 2020 call was not in compliance with federal and state laws. Automatic/Robo calls are not permitted without a live person on the line to confirm that the person called consents to the automatic message. Further, the message did not provide any federal or state law FDCPA compliance such as advising that the call was concerning "an attempt to collect a debt and any information obtained will be used for that purpose". Furthermore, the voice mail message inferred that criminal charges were pending or to be filed by saying there two "charges" against the Plaintiff. The message also indicated that papers were going to be served, which is not in compliance when the caller had no intent to initiate legal action and there is no legal action pending. The message was an obvious attempt to "scare" Plaintiff into contact the Defendants and to pay whatever alleged debt they were calling about, all in clear violation of federal and state laws.

15. Upon receiving the voice mail message on July 31, 2020, Plaintiff attempted to return the phone call to APS. The first few calls went to voice mail but the message said it was full and a message could not be left. Eventually Plaintiff got through to BS. BS did not make any attempt to comply with federal or state laws when taking the call. Did not advise Plaintiff as required by Federal FDCPA as well as California FDCPA that he was "attempting to collect a debt and any information obtained will be used for that purpose." He then went on to advise that he was collecting a supposed debt from 2007 (over 13 years old). Plaintiff denied knowledge of the supposed debt. Even if the debt was real, it would have been long past any applicable Statute of Limitations in California (typically 4 years for written contracts, 2 years for oral agreements). Yet BS insisted the debt was due and APS intended to file papers in Court to enforce the debt. This part of the conversation violated another area of California law which requires debt collectors to advise debtors that if a debt is "out of stat" or past the Statute of Limitations, to tell the debtor it is not enforceable and that any agreement to pay the debt would be strictly voluntarily. This was not mentioned either in the oral conversation at any time as required by law. No writing was ever sent in writing about the alleged debt at any time containing any of the required advisements under Federal and State law. The July 31, 2020 communication did not

contain any the disclosures required by 15 U.S.C. § 1692g(a). Plaintiff asked for documents and information to verify the debt – which BS flatly refused to do. Verifying a debt is required to be done in writing when requested under applicable federal and state laws. BS stated that Plaintiff was receive a "discovery package" once the matter was filed in Court. When Plaintiff denied knowledge of the alleged debt, BS became irate and rude, and advised that the matter would be taken to Court and abruptly terminated the call. When Plaintiff attempted to call back to further discuss the matter, BS continued to terminate the call and even yelled to Plaintiff "Cease and Desist, and Stop Calling here!". Plaintiff was attempting to get more information on the alleged debt for fear that his personal information had been stolen or compromised but BS and at least one other male representative refused to discuss the matter any further. They refused to pick up the phone after Plaintiff placed several more calls to the office of Defendants. Plaintiff now believes that Defendants, and each of them, may have committed Identity Theft of Plaintiff's personal information and they have been attempting to collect a non-existent debt in violation of federal and state laws.

16. The call of July 31, 2020, and subsequent communications of that date, were not the first time Defendants attempted to make contact with Plaintiff. Defendants attempted to contact Plaintiff on over a dozen more times in the weeks and months prior to July 31, 2020. Their liability under applicable federal and state law shall extend to each call as a separate violation of applicable sections of the Code(s).

16. TG and RC are principals, managers, and owners of APS and are liable for the actions of the company as well as the actions of BS, their employee, contractor or co-owner under the theories of *Respondeat Superior* or agency. APS and its employees, agents, contractors and representatives, including BS, TG, and RC have systemically engaged in these practices over the last several years with many consumers. Attached hereto as Exhibit "B" collectively is a series of online reportings evidencing their pattern of abuse and consumer violations.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two Classes and two Subclasses consisting of:

### The Notice Class

All natural persons located in the United States to whom APS, within one year before the date of this complaint, sent an initial oral or written communication in connection with the collection of a consumer debt, that failed to contain one or more of the disclosures required by 15 U.S.C. § 1692g(a), and to whom APS did not send a written communication containing the disclosures required by 15 U.S.C. § 1692g(a) within five days thereafter.

### The Notice Subclass

All natural persons located in the United States to whom APS, within one year before the date of this complaint, sent an initial written communication in connection with the collection of a consumer debt, that failed to contain one or more of the disclosures required by 15 U.S.C. § 1692g(a), and to whom APS did not send a written communication containing the disclosures required by 15 U.S.C. § 1692g(a) within five days thereafter.

### The Reporting Class

All natural persons located in the United States to whom APS, within one year before the date of this complaint, sent an initial written communication in connection with the collection of a consumer debt, that made a settlement offer for less money than the amount allegedly owed.

### The Reporting Subclass

All natural persons located in the United States to whom APS, within one year before the date of this complaint, sent an initial written communication in connection with the

collection of a consumer debt, that made a settlement offer for less money than the amount allegedly owed.

18. Upon information and belief, the proposed Classes and Subclasses are so numerous that joinder of all members is impracticable. The exact number of members of the Classes and Subclasses are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Classes and Subclasses are ascertainable in that the names and addresses of all members of the proposed Classes and Subclasses, upon information and belief, can be identified in business records maintained by Defendants.

19. Plaintiff's claims are typical of the claims of the members of the Classes and Subclasses because the claims of Plaintiff and all of the members of the Classes and Subclasses originate form the same conduct, practice and procedure on the part of the Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Classes and Subclasses.

20. Plaintiff will fairly and adequately protect the interests of the members of the Classes and Subclasses and will retain counsel experienced and competent in class action litigation as necessary. Plaintiff has no interests that are contrary to or in conflict with the members of the Classes and Subclasses that Plaintiff seeks to represent.

21. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable. Furthermore, as the damages suffered by individual members of the Classes and Subclasses may be relatively small, the expense and burden of litigation make it potentially impracticable for the members of the Classes and Subclasses to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

22. Issues of law and fact common to the members of the Classes and Subclasses predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Classes and Subclasses. Among the issues of law and fact common to the Classes and Subclasses are:

a. Defendants' violations of the FDCPA as alleged herein;

b. APS's failure to include an initial debt collection letter with disclosures required by U.S.C. § 1692g(a).;

c. The existence of Defendants' identical conduct particular to the matters at issue;

d. The availability of statutory penalties; and

e. The availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g(a) AS TO THE NOTICE CLASS AND SUBCLASS**

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-22.

24. 15 U.S.C. § 1692g(a) provides in pertinent part:

(a) Within 15 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debtor, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creator, if different than the current creditor.

25. The July 31, 2020 communication failed to advise the Plaintiff of certain rights as required by law.

26. The July 31, 2020 communication failed to advise Plaintiff that his request within the thirty-day period, APS would provide Plaintiff with the name and address of the original creditor, if different from the current creditor as well as documentation and verification of the debt, as such, Defendants violated 15 U.S.C. § 1692g(a).

27. Upon information and belief, the July 31, 2020 auto/robo call is based upon a script and phone calls to many other consumers throughout the United States in the course of attempting to collect consumer debt.

28. Defendants, and each of them are considered debt collectors, are liable for all violations of the FDCPA in collecting the Debt on APS's behalf and at APS's direction. *See Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1516 (9th Cir. 1994).

**COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788.17 AS TO THE NOTICE CLASS AND SUBCLASS**

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-28.

30. California Civil Code § 1788.17 provides:

"Not withstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections1692b to 1692j, inclusive, of, and shall be subject to the remedies in section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

31. As such, Defendants, and each of them committed multiple violations of state FDCPA laws as well as federal law for the same reasons and facts stated herein.

CLASS ACTION COMPLAINT
9

# COUNT III: VIOLATION OF CALIFORNIA FAIR DEBT BUYER STATUTE, CALIFORNIA CIVIL CODE §§ 1788.50-1788.64

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-31.

33. California Civil Code § 1788.50 (1) provides in relevant part that a "'Debt buyer'" means a person or entity that is regularly engaged in the business of purchasing charge-off consumer debt itself, hires a third party for collection, or hires an attorney-at-law for collection litigation."

34. California Civil Code § 1788.52 provides:

> (a) A debt buyer shall not make any written statement to a debtor in an attempt to collect a consumer debt unless the debt buyer possesses the following information:
>
> (1) That the debt buyer is the sole owner of the debt at issue or has authority to assert the rights of all owners of the debt.
>
> (2) The debt balance at charge off and an explanation of the amount, nature, and reason for all post-charge-off interest and fees, if any, imposed by the charge-off creditor or any subsequent purchasers of the debt. This paragraph shall not be deemed to require a specific itemization, but the explanation shall identify separately the charge-off balance, the total of any post-charge-off interest, and the total of any post-charge off fees.
>
> (3) The date of the default or the date of the last payment.
>
> (4) The name and address of the charge-off creditor at the time of the charge-off, and the charge-off creditor's account number associated with the debt. The charge-off creditor's name and address shall be in sufficient form as to reasonably identify the charge-off creditor.
>
> (5) The name and last known address of the debtor has they appeared in the charge-off creditor's records prior of the date of the sale of the debt. If the debt was sold prior to January 2, 2014 the name and last known address of the debtor as they appeared in the debt owner's records on December 31, 2013, shall be sufficient.
>
> (6) The names and addresses of all persons or entities that purchased the debt after charge-off, including the debt buyer making the written statement. The

names and addresses shall be in sufficient form so as to reasonably identify each such purchaser.

(b) A debt buyer shall not make any written statement to a debtor in attempt to collect a consumer debt unless the debt buyer has access to a copy of a contract or other document evidencing the debtor's agreement to the debt. If the claim is base on debt for which no signed contract or agreement exists, the debt buyer shall have access to a copy of a document provided to the debtor while the account was active, demonstrating that the debt was incurred by the debtor. For a revolving credit account, the most recent monthly statement recording a purchase transaction, last payment, or balance transfer shall be deemed sufficient to satisfy this requirement.

(c) A debt buyer shall provide the information or documents identified in subdivisions (a) and (b) to the debtor without charge within 15 calendar days of receipt of a debtor's written request for information regarding the debt or proof of the debt. If the debt buyer cannot provide the information or documents within 15 calendar days, the debt buyer shall cease all collection of the debt until the debt buyer provides the debtor the information or documents described of subdivisions (a) and (b). Except as provided otherwise in this title, the request by the debtor shall provide all debtors with whom it has contact an active postal address to which these requests can be sent. A debt buyer may also provide an active email address to which these requests can be sent and through which information and documents can be delivered, if the parties agree.

(d) (1) A debt buyer shall include with its first written communication with the debtor in no smaller than 12-point type, a separate prominent notice that provides: "You may request records showing the following: (1) that [insert name of debt buyer] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of the default or the date of the last payment; (4) the name of the charge-off creditor ad the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyers records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: [insert debt buyer's active mailing address and email address, if applicable]"

(2) When collecting on a time-barred debt where the debt is not past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit reporting Act (15 U.S.C. Sec. 1681 c): "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt. [insert name of debt buyer] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this

CLASS ACTION COMPLAINT
11

reporting."

(3) When collecting on a time-barred debt where the debt is past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c): "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency."

35. The July 31, 2020 communication did not provide the account balance when the creditor charged off the debt.

36. The July 31, 2020 communication did not provide the amount of interest and fees added after the charge-off amount.

37. The July 31, 2020 communication did not provide the date of the last payment made or the default amount.

38. The July 31, 2020 communication did not provide the charge-off creditor's name

39. The July 31, 2020 communication did not provide the account number of the charge-off debt.

40. The July 31, 2020 communication did not provide the address that was on file with the charge-off creditor. On information and belief, Plaintiff alleges there were other predecessors who purchased this debt.

41. The July 31, 2020 communication did not provide the names of every entity that ever purchased the debt.

42. The July 31, 2020 communication did not contain a copy of the contract with the original creditor.

43. The July 31, 2020 communication did not advise Plaintiff that it was too late to file a lawsuit and provide the necessary language contained in the statute. The debt allegedly was from 2007 (according to BS). No payments were made since at least that time (assuming this is a true debt). The debt (if true) is clearly time-barred as it is more than four years old, which is the applicable stature of limitations in California for written contracts in California (and 2 years for oral agreements).

44. As such, Defendants, and each of them, committed multiple additional violations

of state law under California Civil Code § 1788.52(d)(3), in addition to the multiple violations of state and federal FDCPA law mentioned hereinabove.

45. Plaintiff, and others similarly situated, have been damaged as the result of the conduct of the Defendants, and each of them.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendants violated 15 U.S.C. § 1692g(a).

c. Adjudging and declaring that Defendants violated C.C.C. § 1788.17.

d. Adjudging and declaring that Defendants violated C.C.C. §§ 1788.50- 1788.46.

e. Awarding Plaintiff and members of the Classes and Subclasses their reasonable costs and attorney's fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and members of the Classes and Subclasses any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding Plaintiff all actual, compensatory, statutory, and punitive damages allowed by law for each violation; and

h. Awarding Plaintiff damages of at least $1,000,000.00 (One Million Dollars), subject to proof at the time of Jury Trial; and a Judgment restraining any further conduct of this type by Defendants, and each of them.

i. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled and herby demands a Trial by Jury.

Date: August 3, 2020

Respectfully submitted by:

_____
LAW OFFICES OF EDWARD T. WEBER
Edward T. Weber, Esq.
Attorneys for Plaintiff

**VERIFICATION**

I, Edward T. Weber, declare as follows:

I am an individual over the age of 18 years. I am the Plaintiff in this action. I have read the foregoing Complaint in the foregoing matter and know the contents thereof.

The information set forth in the Complaint is true and correct to the best of my own personal knowledge and belief, based upon records and information available to me at this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Fountain Valley, California on August 3, 2020.

*/s/ Edward T. Weber*
Edward T. Weber