UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01448-JLS-DFM                                    Date: June 17, 2021
Title: Edward T. Weber v. Assured Payment Solutions et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 25)**

Before the Court is Plaintiff's Motion for Default Judgment.[1] (Doc. 25.) Plaintiff's submission fails to comply with multiple orders by this Court and is therefore STRICKEN from the docket.

On August 6, 2020, the Court issued a Standing Order in this matter, which orders a party moving for default judgment to brief the *Eitel* factors[2] and to "provide a proposed order that incorporates its analysis of the *Eitel* factors and its discussion of evidence." (Procedures Page § 5 (as incorporated by the Standing Order, Doc. 8 at 2).) "Where a motion fails to comply with this procedure, the Court will strike the motion." (*Id*.) Here, neither Plaintiff's briefing nor the proposed order addresses the *Eitel* factors. Moreover, Plaintiff filed a "Proposed Judgment," not a properly-drafted proposed order. (Proposed Judgment, Doc. 25-2.)

The Standing Order also states that "all parties or their counsel are ordered to become familiar with . . . the Local Rules of the Central District of California." (Standing Order at 1.) Local Rule 55-1 provides that "[w]hen application is made to the

---

[1] Plaintiff's submission is better characterized as an *Application* for Default Judgment. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. R. 55-1. For ease of understanding and consistency on the docket, however, the Court refers to Plaintiff's Application as a "Motion."
[2] The Ninth Circuit has set forth seven factors for courts to consider when reviewing applications for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01448-JLS-DFM          Date: June 17, 2021
Title: Edward T. Weber v. Assured Payment Solutions et al.

Court for a default judgment, the application shall be accompanied by a declaration in compliance with F.R. Civ. P. 55(b)(1) and/or (2)[.]" C.D. Cal. R. 55-1. Rule 55-1 further identifies several topics that must be addressed in the declaration. *Id*. Plaintiff's declaration does not address these topics, and thus fails to comply with Rule 55-1. (*See* Weber Decl., Doc. 25-1.)

Additionally, Plaintiff's motion states that he "hereby dismisses that portion of the action which refers to the Class Action[.]" (Mot. at 3.) When seeking to dismiss putative class claims, however, the Court requires that parties "articulate why the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), favor dismissal and why notice need not be provided to the putative class." (Procedures Page § 19.) Here, Plaintiff fails to address these factors.

Finally, the Motion requests attorneys' fees, but Plaintiff is representing himself in this case. "In *Kay v. Ehrler*, the Supreme Court determined that pro se attorney-plaintiff litigants could not recover attorney's fees." *U.S. S.E.C. v. Chapman*, 602 F. App'x 407 (9th Cir. 2015) (citing 499 U.S. 432, 435–38). "[A]warding fees only when there is an independent attorney-client relationship[] encourages 'potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights.'" *Id.*; *see also Hellmich v. Mastiff Contracting, LLC*, No. SACV 14-1354-DOC-KESx, 2016 WL 11526095, at *2 (C.D. Cal. June 14, 2016) ("Courts have applied the rule from *Kay* broadly.") (collecting cases). For this reason, any request for attorneys' fees in a renewed application will be denied.

Accordingly, the Court orders Plaintiff's Motion STRICKEN from the docket. (Doc. 25.) Any renewed motion for default judgment must be filed within **fourteen (14) days** of the date of this Order and must include (1) a declaration in compliance with Rule 55-1 and (2) a proposed order incorporating the moving party's (a) analysis of the *Eitel* factors and discussion of evidence, with specific citations to the allegations in the complaint or supporting evidence, and (b) analysis of the *Diaz* factors with respect to the dismissal of putative class claims  Counsel should refrain from filing a proposed judgment until ordered to do so by the Court. Failure to timely file a renewed a motion will result in the dismissal of this action without further notice.

Initials of Deputy Clerk:  mku